OPINION OF THE COURT
Lawrence E. Kahn, J.
This is a motion for an order pursuant to CPLR 3211 dismissing the defendant’s counterclaim. The action seeks compensatory and punitive damages upon the allegation that the defendant violated certain regulations of the Public Service Commission, its regulatory body.
Pursuant to a contract between the defendant and plaintiff’s ex-spouse, power was furnished to plaintiff’s residence at 15 Delaware Terrace, Albany, New York. Although monthly statements were sent to said address, no payment is alleged to have been made on said account for a period of 18 months. On June 25, 1980, the defendant terminated power services to said address. The defendant has answered the complaint and counterclaimed, seeking an amount equal to the arrears owed pursuant to the contract between it and plaintiff’s ex-spouse. This motion for summary judgment seeks to dismiss said counterclaim based upon a ruling of the Public Service Commission in Case No. 27405 and the accompanying order issued December 21, 1978. Said order provides in pertinent part that: “All the utility companies whose practices we regulate are directed to discontinue or to refrain from the practice of refusing to provide service, threatening to *656 terminate service, or terminating service to separated or divorced women or women living apart from their husbands on the basis of unpaid charges on their husbands’ accounts.”
The defendant resists the motion for summary judgment, alleging that the plaintiff’s conduct in failing to notify them of her change in marital status for a period of approximately 18 months raises questions of fact. They assert that these circumstances make it apparent that the plaintiff was deliberately withholding said information for the purposes of defrauding the defendant with respect to its services. This court does not agree.
The Public Service Commission’s opinion and order held that an ex-spouse’s continuance of the use of the service of the utility did not constitute a trespass sufficient to establish fraud. “[W]ith respect to contracts entered into before the divorce, such as utility accounts, for so long as service continues to be rendered under the husband’s name, there appears to be no basis for considering the contract between the husband and the utility to be at an end or otherwise affected * * * [RJegardless of her marital status at a given time, a woman may not be held personally liable for utility services rendered on her husband’s or ex-husband’s account.”
Accordingly, for the reasons hereinabove set forth, the plaintiff’s motion for an order pursuant to CPLR 3211 dismissing defendant’s counterclaim shall be granted, without costs.